CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JUL 20 1999
ROBERT M. MARCH
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL S. DAVIS,**

   Petitioner,

v.                                  CIVIL NO. 99-179 M/DJS

**JOHN SHANKS, Warden,**

   Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte* following a review of the pleadings. This action is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. SF 96-955 (CR) in the First Judicial District, Santa Fe County, New Mexico. In that proceeding Petitioner was convicted, pursuant to a guilty plea, of one count of Embezzlement. Pursuant to that conviction, Petitioner was sentenced to five years imprisonment, which sentence was suspended. Petitioner was placed on five years parole. Answer Ex. A. Petitioner was ordered to pay restitution while on probation. Within a year, Petitioner's probation was revoked for failure to make restitution and he was sentenced to nine years imprisonment, six years of which were suspended. Answer, Ex. F. In addition, Petitioner was sentenced to five years probation. Id. Under the terms of the plea agreement, the state had originally agreed to forego seeking enhancement of Petitioner's sentence as an habitual offender based upon successful completion of his probation. Petitioner admitted his prior convictions as part of the plea

1



agreement.

Petitioner challenges his conviction several grounds. First, he asserts that the state court erred in not following NMSA 1978 §31-17-1 regarding his restitution. Second, he argues that the state district court erred in ignoring State v. Parsons, 104 N.M. 123 (N.M. Ct. App. 1986). As his third ground for relief, Petitioner refers to a petition for writ of *certiorari* which he tried to file with the New Mexico Supreme Court but which was rejected as untimely. Petitioner has attached a copy of that petition to his federal *habeas* petition and apparently request that this Court consider all of the issues raised therein. In the unfiled petition for writ of *certiorari* to the New Mexico Supreme Court, Petitioner asserts the first two claims raised in the instant petition. In addition, he contends that the trial court erred in that it did not determine whether he had wilfully refused to pay restitution or failed to make a bona fide effort to secure the resources to pay restitution before terminating his probation. Petitioner also asserts that the trial court violated his right to due process by not responding to his petition for writ of *habeas corpus*.[1] Petitioner's final claim in his unfiled state petition for writ of *certiorari* is that he was subjected to double jeopardy by the sentence imposed following the revocation of his parole.

## PROCEDURAL DEFAULT

28 U.S.C. §2254(b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent contends that Petitioner has procedurally defaulted the

---

[1]Review of the answer reveals that Petitioner submitted a state *habeas* petition, but that the court attempted to return the pleadings to him on October 27, 1998 because he did not include an application to proceed *in forma pauperis* or his inmate account ledger and he failed to have the petition notarized. Answer, Ex. N. Delivery of the returned pleadings apparently failed.

claims which he raises. Alternatively, Respondent argues that Petitioner has not exhausted his state court remedies.

Procedural default occurs when a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2557 n.1, reh'g den. 501 U.S. 1277 (1991). Procedural default can become an adequate and independent state ground for denial of Petitioner's constitutional claims. As such, a federal court should respect that ground in the interests of comity and federalism, denying the petition for writ of *habeas corpus*. See Church v. Sullivan, 942 F.2d 1501 (10th Cir. 1991).

Petitioner never filed a direct appeal of his conviction. Further, he failed to properly file a state petition for writ of *habeas corpus*. In New Mexico, failure to raise an issue on direct appeal waives that issue for purposes of post-conviction relief. Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir. 1998). The factual bases for Petitioner's claims, with the exception of the claim that he was denied due process by the state's failure to consider his state *habeas* petition, were all known to Petitioner at the time the Order revoking his probation was entered. Petitioner's due process claim is baseless on the face of the Answer, as the state court returned Petitioner's state *habeas* petition to him in order for him to include necessary documents and to have the document notarized. Petitioner's failure to appraise the state court of his current address does not constitute a due process violation. Further, Petitioner has procedurally defaulted his other claims by not raising them by means of a direct appeal. Jackson, 143 F.3d at 1318.

In all cases where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review is barred unless the

3

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court notes that Petitioner cannot meet the "actual prejudice" standard with regard to his first two claims, as they are explicitly based upon state law, which cannot form a basis for federal *habeas corpus* relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). In order to satisfy the "cause" standard, Petitioner must show that "some objective factor external to the defense" impeded his compliance with New Mexico's procedural rules. Dulin v. Cook, 957 F.2d 758, 770 (10th Cir. 1992) (quoting McClesky v. Zant, 499 U.S. 467, 493; reh'g den. 501 U.S. 224 (1991)). Petitioner filed a response to the Answer in which he asserts that he was transferred between different institutions four times over six months and that he timely filed change of address notices but the New Mexico courts failed to return documents to the proper address. In addition, Petitioner asserts that his attorney informed him that he had no recourse to appeal following his probation violation.

Petitioner can show cause for his default if he can demonstrate that "some objective factor external to the defense impeded ... efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. Ineffectiveness of counsel can also satisfy the cause and prejudice requirement. See United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995); United States v. Walling, 982 F.2d 447, 449 (10th Cir.1992). Despite a substantial question whether Petitioner is not entitled to relief on the merits of his petition, this Court must address the issue and Petitioner's allegations of cause and prejudice. Watson v. State of New Mexico, 45 F.3d 385, 387 (10th Cir. 1995); Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th

4

Cir.1993)("[R]espondent raises the issue of procedural default, which we must resolve before considering the merits."). Consequently, an evidentiary hearing must be set in this case in order to afford Petitioner an opportunity to prove his allegations of cause for his procedural default and demonstrate prejudice from that default.

In the context of procedural default, the "fundamental miscarriage of justice" standard requires that the petitioner show that his case presents "extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey, 499 U.S. at 494. Petitioner does not assert that he is actually innocent and thus fundamental miscarriage of justice is not an issue in this proceeding.

**IT IS THEREFORE ORDERED** that the Federal Public Defender is assigned to represent Petitioner in this proceeding;

**IT IS FURTHER ORDERED** that an evidentiary hearing will be held in this matter in order to provide Petitioner with an opportunity to substantiate his allegations of cause for his procedural default of this action and to demonstrate prejudice therefrom. The hearing will be held on <u>Thursday, September 9, 1999 at 8:30 a.m.</u> in the Mimbres Courtroom, Courtroom A401, in the United States Courthouse, 333 Lomas Blvd., NE, Albuquerque, New Mexico.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE